UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | | |
|---|---|---|---|
| MARCUS LYONEL STORY, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 2:13-CR-55-JRG-MCLC-1 |
| | ) | | 2:16-CV-282-JRG |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 43]. The petition relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States responded in opposition to collateral relief on October 3, 2016 [Doc. 49]. Petitioner did not reply and the time for doing so has lapsed. E.D. Tenn. L.R. 7.1, 7.2. Also before the Court are Petitioner's motions for leave to proceed *in forma pauperis* [Doc. 44], leave to file a memorandum in support [Doc. 45], and an Order directing the Clerk's Office to send him several documents related to his underlying criminal case [Doc. 46]. For the reasons below, the petition [Doc. 43] will be **DENIED** as untimely and **DISMISSED WITH PREJUDICE.** The remaining motions [Docs. 44, 45, 46] will be **DENIED as moot**.

I.      BACKGROUND

In 2013, Petitioner pled guilty to possessing marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D), and possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) [Doc. 19]. He proceeded to trial for, and was

eventually convicted by a jury of, possessing firearms in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) [Docs. 22, 23]. This Court sentenced Petitioner to an aggregate term of 101 months' imprisonment—concurrent 41-month terms for the drug offenses and a statutorily-mandated consecutive term of 60 months for the firearms offense [Doc. 36].

Petitioner appealed, but the Sixth Circuit affirmed his convictions and sentence on November 12, 2014 [Doc. 41]. More than 21 months later, on August 29, 2016, Petitioner filed the instant motion seeking correction of his sentence in light of the *Johnson* decision [Doc. 43].

## II. TIMELINESS OF PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). This same provision governs the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 WL 1150490, at *3–6 (E.D. Tenn. April 5, 2012) (citing *Olsen v. United States*, 27 F. App'x 566 (6th Cir. Dec. 14, 2001)). Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply to his case. Specifically, he has not established that any illegal action by the government prevented him from making the timely petition or the existence of facts affecting his case that could not

2

have previously been discovered through the exercise of due diligence. The timeliness of his petition depends on whether its submission complied with subsections (f)(1) or (f)(3).

For purposes of subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—"a conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Where a defendant pursues direct review but does not seek a writ of certiorari, the conviction becomes final at expiration of the time for seeking such a writ. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (explaining that a conviction affirmed on appeal becomes final when the period for seeking a writ of certiorari expires); U.S. Sup. Ct. R. 13(3) (providing ninety-day period for requesting a writ of certiorari, running from the date of the Court of Appeal decision). Petitioner's conviction became final for purposes of subsection (f)(1) on February 10, 2015, ninety days after the Sixth Circuit opinion. His window for relief expired on February 10, 2016.

Failure to file the instant petition until nearly eight months after the window under subsection (f)(1) expired means that the instant motion is untimely under that provision.[1] To the extent that Petitioner relies on subsection (f)(3)'s independent filing period for relief based on a newly-recognized right made retroactively applicable on collateral review, the Court notes that the provision's one-year window runs from the date that the asserted right was recognized by the Supreme Court. 28 U.S.C. § 2255(f)(3). For purposes of the instant case, the new right on which Petitioner relies was first recognized in the *Johnson* decision, which the Supreme Court

---

[1] While Petitioner appears to have signed the petition on June 26, 2016, the envelope in which it was sent is postmarked August 29, 2016 [Doc. 43-2] and was not received by this Court until September 1, 2016 [Doc. 43]. The prison mailbox rule applies to the date on which the petition was placed in the mail, not the date on which it was signed by the movant.

3

decided on June 26, 2015. *Johnson*, 135 S. Ct. at 2551. The statutory window for requesting relief based upon that decision under subsection (f)(3) expired one year later—on June 26, 2016. S*ee Welch v. United States*, 135 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a successive petition). Again, Petitioner failed to comply.

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6lth Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

After review of the petition, the Court concludes that Petitioner has failed to put forth a single extraordinary circumstance justifying the failure to submit his collateral challenge within the window permitted by § 2255(f). *Compare Stovall v. United States*, No. 1:12-cv-377, 2013 WL 392467, at *3 (E.D.T.N. Jan. 31, 2013) (rejecting request for equitable tolling of subsection (f)(1) in absence of evidence illustrating a diligent pursuit of the rights asserted); *with Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (granting request for equitable tolling where the

4

petitioner pled facts indicating he had been separated from his legal materials for an extended period of time due to multiple detention transfers and an illness). The petition will be **DENIED**.

## III. ANALYSIS ON THE MERITS

Even if the instant petition had been filed prior to expiration of the renewed limitations window under subsection (f)(3), the sole claim set forth therein would fail as a matter of law.

Any argument that Petitioner no longer possesses predicate offenses sufficient to support categorization as an armed career criminal under the ACCA, career-offender under Section 4B1.1 of the United States Sentencing Guidelines, or an enhanced base offense level under Section 2K2.1(a) of the same fails because the record conclusively demonstrates that he was never subjected to these provisions [Presentence Investigation Report; Docs. 19, 22, 23, 36].

## IV. REMAINING NON-DISPOSITIVE MOTIONS

In addition to the § 2255 motion, this Court is in possession for a motion for leave to proceed *in forma pauperis* [Doc. 44], a motion for leave to file a memorandum in support [Doc. 45], and a motion requesting an Order directing the Clerk's Office send Petitioner numerous documents associated with his criminal case [Doc. 46]. The former motion is unnecessary in a collateral challenge and latter two motions are rendered moot by this Court's disposition of the underlying request for vacatur. All three motions will be **DENIED as moot**.

## V. CONCLUSION

For the reasons discussed, the petition [Doc. 43] will be **DENIED** as untimely and **DISMISSED WITH PREJUDICE**; the remaining motions [Docs. 44, 45, 46] will be **DENIED as moot**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

5

Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

                                                  s/J. RONNIE GREER
                                   UNITED STATES DISTRICT JUDGE